Smith, J.
(concurring). I respectfully disagree with the majority’s conclusions “that CPL 470.20 (5) requires dismissal of the indictment if it is determined that the verdict is against the weight of the evidence,” and that we should review the legal *33 sufficiency of the evidence in this case. To the contrary, I conclude that defendant does not seek review of the legal sufficiency of the evidence on appeal and, as noted by the majority, did not in any event preserve a legal sufficiency challenge for our review. In my view, we must, pursuant to defendant’s request, review the weight of the evidence with respect to whether the People proved beyond a reasonable doubt that he had the requisite intent to kill the victim. I further conclude that the verdict convicting defendant of murder in the second degree (Penal Law § 125.25 [1] [intentional murder]) is against the weight of the evidence and that the conviction therefore should be reduced to manslaughter in the first degree (§ 125.20 [1]). Because this will yield the same result as that reached by the majority, I thus concur in the result. Furthermore, I agree with the majority’s resolution of the remaining issues raised by defendant on appeal, and join in its determination to reject the remainder of defendant’s contentions.
Turning to the issues upon which we disagree, I note that the majority concludes that we must review the legal sufficiency of the evidence as part of our weight of the evidence review. The majority further concludes that the evidence in this case is legally insufficient to establish that defendant acted with the requisite intent to cause the death of the victim despite, as noted, defendant’s failure to preserve the issue for our review and the absence of a request by defendant on appeal for a sufficiency review.
Most importantly, although I agree with the majority that, in reviewing the weight of the evidence, we “must consider the elements of the crime, for even if the prosecution’s witnesses were credible their testimony must prove the elements of the crime beyond a reasonable doubt” (People v Danielson, 9 NY3d 342, 349 [2007]), I conclude that the evidence in this case is legally sufficient to support the conviction with respect to defendant’s intent to cause the death of the victim. “The standard for reviewing the legal sufficiency of evidence in a criminal case is whether ‘after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt’ ” (People v Contes, 60 NY2d 620, 621 [1983], quoting Jackson v Virginia, 443 US 307, 319 [1979], reh denied 444 US 890 [1979]), which, in turn, requires that we “determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial” (People v Bleakley, 69 NY2d 490, 495 [1987]).
*34 After conducting such a review, I respectfully disagree with the majority’s conclusion that no rational jury could reach the conclusion that defendant intended to kill the victim. There was evidence establishing that defendant stabbed the victim in the chest and back, causing a total of eight wounds, including the fatal wound that penetrated the victim’s chest cavity and pierced his heart. It is well settled that, when reviewing the legal sufficiency of the evidence in a criminal case, we must view the evidence in the light most favorable to the People (see Contes, 60 NY2d at 621), and “indulg[e] in all reasonable inferences in the People’s favor” (People v Ford, 66 NY2d 428, 437 [1985]; see People v Delamota, 18 NY3d 107, 113 [2011]). Viewed in that light, I agree with the People that a rational jury could have concluded that defendant intended to kill the victim, based on the number of stab wounds and the fact that the fatal wound left a four-inch long track in the victim’s chest and pierced his right ventricle (see People v Massey, 61 AD3d 1433, 1433-1434 [2009], lv denied 13 NY3d 746 [2009]; People v Gardella, 5 AD3d 695, 695-696 [2004], lv denied 2 NY3d 799 [2004]; see also People v Johnson, 20 AD3d 808, 811-812 [2005], lv denied 5 NY3d 853 [2005]; People v Self, 239 AD2d 943, 943 [1997], lv denied 90 NY2d 910 [1997]).
Notwithstanding the legal sufficiency of the evidence with respect to defendant’s intent to cause the victim’s death, however, I further conclude that the verdict is contrary to the weight of the evidence on that issue. All of the evidence indicates that defendant stabbed the victim with two knives, both of which had blades that were two to three inches long. The Medical Examiner who performed the autopsy testified that the fatal wound could have been caused by such a knife if the victim’s chest was compressed at the time that the wound was inflicted, which could result in a wound that is longer than the weapon that caused it. In his testimony concerning the stabbing, defendant described a fight in which the victim was holding defendant and striking him, and the wounds are consistent with defendant’s testimony that he kept stabbing the victim until the victim released his grip on defendant. The expert medical testimony also established that the victim had only one wound that could be described as a defensive wound, and more such wounds would be expected if defendant were not truthfully describing the incident. In addition, the victim had stab wounds under his arm that were consistent with his being stabbed while that arm was raised or held away from his body, which comports *35 with defendant’s version of the events. Although defendant concedes that the victim was unarmed and thus defendant’s acts were not justified, his description of the event is consistent with an intent to injure and inconsistent with an intent to kill.
In addition, the record contains evidence establishing that the victim was the aggressor, and there was evidence that defendant exhibited bruising that could have been caused by the victim holding and punching defendant, consistent with defendant’s version of the events. The evidence introduced by the People also established that the victim had consumed the drug ecstasy and a significant amount of alcohol during the party that preceded this incident. The evidence further establishes that the incident began when the host of the party told the victim and his friends to leave, but they became belligerent and refused. The People introduced evidence that defendant had the knives at the party prior to the fight in which the victim was killed, but there is no evidence that defendant attempted to use them before he became involved in the fight with the victim. Finally, I agree with the majority and the dissent that the location of the victim’s wounds are more consistent with defendant’s version of the events and with an intent to injure the victim than with the intent to kill the victim. Therefore, I agree with the dissent that the verdict is against the weight of the evidence.
The majority and the dissent conclude that, if we determine that the conviction of murder in the second degree is contrary to the weight of the evidence, our only possible remedial action is to dismiss that count of the indictment. I disagree. It is true that the Criminal Procedure Law states that, “[u]pan a reversal or modification of a judgment after trial upon the ground that the verdict. . . with respect to a particular count... is against the weight of the trial evidence, the court must dismiss the . . . reversed count” (CPL 470.20 [5]). The majority and the dissent read the use of the word “must” in the statute to create a different rule for review of the weight of the evidence than exists for review of the legal sufficiency of the evidence. CPL 470.20 provides in the preamble, however, that,
“[u]pan reversing or modifying a judgment. . . , an intermediate appellate court must take or direct such corrective action as is necessary and appropriate both to rectify any injustice to the appellant resulting from the error or defect which is the subject of the reversal or modification and to protect *36 the rights of the respondent. The particular corrective action to be taken or directed is governed in part by,” e.g., CPL 470.20 (5) (emphasis added).
Thus, although CPL 470.20 (5) uses the word “must,” that subdivision must be read together with the preamble, and thus it in fact is only one of the possible corrective actions available to this Court. We may take other corrective action as “appropriate ... to rectify [the] injustice to the appellant resulting from” the improper weighing of the evidence by the jury (CPL 470.20).
Furthermore, it is clear that the revision of the statute that occurred in 1971, when the Criminal Procedure Law became effective, was intended to create equality between appellate review of the weight of the evidence and of the legal sufficiency of the evidence. Prior to that date, there were cases decided pursuant to the former Code of Criminal Procedure indicating that a new trial was required if a judgment was reversed on appeal because the verdict was against the weight of the evidence (see e.g. People v Slaughter, 34 AD2d 50, 52 [1970]; People v Stein, 15 AD2d 961 [1962]), but dismissal of the indictment was the remedy if the evidence was legally insufficient (see e.g. People v Rice, 35 AD2d 590 [1970], affd 28 NY2d 1 [1971], cert denied sub nom. Colon v New York, 402 US 905 [1971]). In order to remove that distinction, the Temporary Commission on Revision of the Penal Law and Criminal Code recommended a change in this law, as part of the enactment of the Criminal Procedure Law. Thus, it is long settled that subdivisions (2) and (5) of CPL 470.20 “definitely work[ ] a change [in the existing state of the law] by requiring a dismissal of the indictment or information upon any reversal for either legal insufficiency or lack of weight of trial evidence” (Richard G. Denzer, former Practice Commentaries to McKinney’s Cons Laws of NY, Book 11 A, CPL 470.20; see Staff Comment of Temp St Commn on Rev of Penal Law and Crim Code, 1967 proposed CPL 240.40 [subsequently renumbered CPL 470.20]). Consequently, in an early case interpreting the statute, the Court of Appeals indicated that “the Legislature ... in enacting the Criminal Procedure Law introduced the present requirement for dismissal of an accusatory instrument where a reversal is stated to be predicated on factual considerations (CPL 470.20 [(2)-(5)])” (People v Mackell, 40 NY2d 59, 63 [1976]). As Professor Preiser noted, “[i]n the case of weight of the evidence, dismissal was chosen for the CPL rule on the theory that as a matter of fairness no distinction should be made between the two grounds for reversal (see *37 original practice commentaries by Judge Denzer, the revision commission’s director)” (Peter Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 470.20 at 248-249 [emphasis added]). Inasmuch as the statute was designed to equalize the results of both types of review, that same statute should not be read to require different treatment based on the type of review employed by the intermediate appellate court.
Moreover, in addition to requiring that the indictment or the relevant count thereof be dismissed when an appellate court determines that the verdict is against the weight of the evidence with respect to that charge, other subdivisions of CPL 470.20 state that,
“[u]pan a reversal of a judgment after trial for legal insufficiency of trial evidence, the court must dismiss the accusatory instrument. . . [and] [u]pan a modification of a judgment after trial for legal insufficiency of trial evidence with respect to one or more but not all of the offenses of which the defendant was convicted, the court must dismiss the count or counts of the accusatory instrument determined to be legally unsupported and must otherwise affirm the judgment” (CPL 470.20 [2], [3]).
Thus, the express language of CPL 470.20 (2) through (5), read literally and without reference to other statutory sections, requires dismissal of the indictment when this Court concludes that a conviction is not supported by legally sufficient evidence or that the verdict is against the weight of the evidence. It is beyond question, however, that we may reduce a conviction to a lesser included charge if we find that the evidence is not legally sufficient to support it, and indeed the majority recommends that we do so in this case.
This Court’s power to reduce a charge derives from CPL 470.15, which states in CPL 470.15 (2) (a) that,
“[u]pan a determination that the trial evidence adduced in support of a verdict is not legally sufficient to establish the defendant’s guilt of an offense of which he was convicted but is legally sufficient to establish his guilt of a lesser included offense, the court may modify the judgment by changing it to one of conviction for the lesser offense.”
That section also states, however, that an “intermediate appellate court must either affirm or reverse or modify the criminal *38 court judgment, sentence or order. The ways in which it may modify a judgment include, but are not limited to,” reduction of the crime to a lesser included offense as set forth above (CPL 470.15 [2]). Here, I conclude that, although the evidence is legally sufficient to support the conviction, the verdict is contrary to the weight of the evidence. Given the statutory language affording us the power to take the action that will “rectify [the] injustice to the appellant resulting from” the improper weighing of the evidence by the jury (CPL 470.20), and the additional language indicating that we “are not limited to” the corrective actions listed in the statute (CPL 470.15 [2]), in my view we should modify the judgment by reducing the charge, as indicated herein.
It has long been the rule in New York that a weight of the evidence analysis in a homicide involves review of “the question as to the defendant’s guilt, as to the grade of his offense if he was guilty, as to his claim that he acted in self-defense or that the homicide was the result of accident” (People v Gaimari, 176 NY 84, 94 [1903] [emphasis added]; see People v Romero, 7 NY3d 633, 640 [2006]). This rule is clearly contrary to the majority’s position that we may not reduce a crime to a lesser included offense, i.e., to a different grade of offense, upon our review of the weight of the evidence. Thus, I disagree with the majority’s and dissent’s interpretation of the statutory scheme.
Most importantly, there are numerous cases in which the appellate courts of New York have reduced convictions to lesser included offenses upon finding that all or part of a verdict is against the weight of the evidence (see e.g. People v Freeman, 98 AD3d 682, 683-684 [2012]; People v Grice, 84 AD3d 1419, 1420 [2011] , lv denied 17 NY3d 806 [2011]; People v Harvin, 75 AD3d 559, 560-561 [2010]; People v Alvarez, 38 AD3d 930, 934-935 [2007], lv denied 8 NY3d 981 [2007]; People v Molina, 8 AD2d 930, 931 [1959]), including reducing second-degree murder convictions to lesser included offenses (see e.g. People v Santiago, 97 AD3d 704, 706-707 [2012], lv granted 20 NY3d 935 [2012] ; People v Pickens, 60 AD3d 699, 701-702 [2009], lv denied 12 NY3d 928 [2009]; see also People v Dudley, 31 AD3d 264, 264-265 [2006], lv denied 7 NY3d 866 [2006]). Moreover, in People v Cahill (2 NY3d 14, 57 [2003]), the Court of Appeals reviewed the weight of the evidence in a case involving a first-degree murder conviction pursuant to CPL 470.30 (1), and concluded that “the evidence adduced on [the first-degree intentional murder] count is legally sufficient, but that the verdict is against the weight of the evidence” (id. at 57). Based *39 on that conclusion, the Court of Appeals reduced the conviction to second-degree murder {id. at 35). This unequivocally countenances the reduction of a charge upon a finding that the verdict with respect to it is contrary to the weight of the evidence.
Accordingly, based upon the broad wording of the statute, the legislative history, and the numerous cases in which the other New York State appellate courts have done so, I disagree with the majority and the dissent and instead conclude that we may reduce the conviction to manslaughter in the first degree based upon the conclusion that the conviction of murder in the second degree is not supported by the weight of the evidence. I further conclude that we should do so here. Inasmuch as the majority concludes that we should reach the same result, I concur in the result.